UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| NATHAN TOLER | § | |
| | § | |
| v. | § | CIVIL NO. 4:26-CV-597-SDJ |
| | § | |
| ALLSTATE FIRE AND CASUALTY | § | |
| INSURANCE COMPANY | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Nathan Toler filed a Petition for Pre-Suit Discovery in Texas state court pursuant to Texas Rule of Civil Procedure 202 against Defendant Allstate Fire and Casualty Insurance Company ("Allstate"). Allstate timely removed the case to this Court based on an allegation of diversity jurisdiction under 28 U.S.C. § 1332(a). (Dkt. #1). Toler has moved to remand the case to state court, arguing that this Court lacks subject matter jurisdiction because a Rule 202 Petition is not a "civil action" subject to removal under 28 U.S.C. § 1441, but rather a pre-suit discovery tool. (Dkt. #5). Allstate has not responded to Toler's motion. Having considered the motion and applicable law, the Court concludes that remand is warranted.

### I. BACKGROUND

Toler filed a Petition for Pre-Suit Discovery pursuant to Texas Rule of Civil Procedure 202 in Texas state court, seeking authorization for depositions and document productions from Allstate before filing suit. (Dkt. #1-1 at 2–12). Toler seeks to investigate a potential claim and obtain necessary information related to Allstate's handling of his Uninsured Motorist ("UIM") claim. (Dkt. #1-1 at 2).

1

In November 2023, Toler was injured in a motor vehicle collision when the at-fault driver struck Toler's vehicle and pushed it off the highway. (Dkt. #1-1 at 4). Toler suffered extensive injuries and has incurred approximately $104,741.92 in medical expenses thus far, with additional medical expenses anticipated. (Dkt. #1-1 at 4–5). Toler filed a UIM claim in the 429th Judicial District Court of Collin County because the at-fault driver carried only the minimum liability insurance required by Texas law, and that insurance did not cover all of Toler's damages. (Dkt. #1-1 at 5).

In his state court petition, Toler alleges that Allstate failed to follow its statutory obligations under Texas Insurance Code Chapters 541–42 in handling his UIM claim by failing to notify Toler of his claim's acceptance, rejection, or an invoked extension within the statutorily required period. (Dkt. #1-1 at 5). Toler also alleges that Allstate failed to make a settlement offer, failed to provide a written explanation of the basis for any offer or denial, and refused to pay his claim without conducting a reasonable investigation. (Dkt. #1-1 at 5–6). Toler was thus compelled to seek pre-suit discovery to identify specific Allstate personnel and obtain necessary evidence relevant to potential litigation. (Dkt. #1-1 at 6).

## II. LEGAL STANDARD

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Removal can be based on diversity jurisdiction if the amount in controversy exceeds $75,000 and the dispute is between citizens of different States. *See* 28 U.S.C. §§ 1332(a), 1441; *Priester v. Deutsche Bank Nat'l Tr. Co.*, 832 F. App'x 240, 244 (5th Cir. 2020).

2

The party removing the case to federal court bears the burden of showing that removal was proper and that federal jurisdiction exists. *Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002). Moreover, removal "deprive[s] the state court of an action properly before it" and thus "raises significant federalism concerns[.]" *Mayfield-George v. Tex. Rehab. Comm'n,* 197 F.R.D. 280, 282 (N.D. Tex. 2000). As a result, "all 'doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction.'" *Zeitler ex rel. Arvizo v. CNH Am., LLC,* No. 6:18-CV-508, 2019 WL 3806073, at *2 (E.D. Tex. Apr. 2, 2019) (citing *Acuna v. Brown & Root, Inc.,* 200 F.3d 335, 339 (5th Cir. 2000)). The Supreme Court also has instructed federal courts to construe removal statutes strictly, favoring remand to state court. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941).

## III. DISCUSSION

### A. Remand is Warranted

Texas Rule of Civil Procedure 202 is a procedural device that permits pre-suit depositions to be taken in certain limited circumstances. Specifically, Rule 202 provides that a person may petition a Texas state court for an order authorizing "the taking of a deposition on oral examination or written questions" for one of two reasons: "(a) to perpetuate or obtain the person's own testimony or that of any other person for use in an anticipated lawsuit; or (b) to investigate a potential claim or suit." TEX. R. CIV. P. 202.1(a), (b). Toler's petition tracks Rule 202.1(b), as he seeks pre-suit discovery to investigate a potential claim or suit.

3

Most federal courts in Texas that have considered the issue have held that a Rule 202 petition is not a "civil action" under 28 U.S.C. § 1441(a) and thus may not be removed to federal court.  *See, e.g., Wallace v. Lively*, 809 F. Supp. 3d 490, 498 (W.D. Tex. 2025) ("Courts hold consistently that a Rule 202 petition is a request for discovery, not a claim, demand, or cause of action.") (quoting *RJ Mach. Co. v. Canada Pipeline Accessories Co.*, No. A-13-CA-579-SS, 2015 WL 5139295, at *5 (W.D. Tex. Aug. 31, 2015)); *In re Highland Capital Mgmt., L.P.*, No. 19-34054-sgj11, 2022 WL 38310, at *6–9 (Bankr. N.D. Tex. Jan. 4, 2022) (same) (collecting cases). Courts have reasoned that a Rule 202 petition neither sets forth a cause of action nor requests any relief. *See, e.g., Texas v. Real Parties in Interest*, 259 F.3d 387, 394 (5th Cir. 2001) (describing a Rule 202 proceeding as "only an investigatory tool" for potential claims that may or may not ultimately result in a cause of action); *McCrary v. Kan. City S. R.R.*, 121 F. Supp. 2d 566, 569 (E.D. Tex. 2000) (noting that Texas courts regard such actions as "ancillary proceedings" in anticipation of suit, not separate suits).

Notwithstanding this weight of authority, two courts in Texas have concluded, under unusual circumstances, that a Rule 202 petition was a properly removed civil action. *See In re Texas*, 110 F. Supp. 2d 514 (E.D. Tex. 2000); *Cong v. ConocoPhillips Co.*, No. H-12-1976, 2016 WL 6603244, at *1 (S.D. Tex. Nov. 8, 2016). The unique circumstances common to both cases were that the Rule 202 petitions were not mere pre-suit discovery requests—they related to ongoing federal litigation. Specifically, *In re Texas* involved a petition to take depositions relating directly to the settlement of expansive tobacco litigation with a long and complex history in federal court. 110

4

F. Supp. 2d at 515–18; *see also Mayfield-George*, 197 F.R.D. at 283 n.1 (distinguishing *In re Texas* as massive litigation involving a preexisting federal court order that was being undermined by the Rule 202 petition and noting that the case at bar had consumed virtually no federal resources). Similarly, the Rule 202 petition in *Cong* was filed by one party to an ongoing federal lawsuit seeking to depose executives of the other party. 2016 WL 6603244, at *1. The court in *Cong* explained that the petition was "not ancillary to a potential action—one that may never be brought; this is their third lawsuit on the same factual and legal predicate." *Id*. The court further explained that the *Cong* plaintiffs were "not confused about the claims, parties, or damages. . . . Their petition is hostile and adversarial. It is the opening salvo of [a third action]—the start of a new American lawsuit. It may be removed to federal court." *Id*.

Toler's Rule 202 petition is unlike those at issue in *In re Texas* or *Cong* because it is unconnected to any action in federal court and merely requests discovery concerning a potential claim against Allstate that may never be filed. Consistent with the reasoning of a majority of Texas federal courts that have interpreted the removability of a Rule 202 petition under similar circumstances, the Court concludes that Toler's petition is not a "civil action" over which it can exercise subject matter jurisdiction. At a minimum, the Court's subject matter jurisdiction is not clear, and that doubt must be resolved in favor of remand.

For these reasons, Allstate's removal was improper and the motion to remand will be granted.

## B. Costs and Expenses

When a case is remanded, the court may order the removing party to pay "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has clarified that, absent unusual circumstances, courts may award attorney's fees under Section 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005). This inquiry should take into consideration "the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id*. at 140.

While unsuccessful, Allstate had an objectively reasonable basis for seeking removal, as there is some precedent to support removal, albeit under unusual circumstances that are inapplicable here. Therefore, the Court will not award costs or expenses to Toler.

## IV. CONCLUSION

For these reasons, Plaintiff's Motion to Remand to State Court, (Dkt. #5), is **GRANTED**. It is therefore **ORDERED** that this case is **REMANDED** to the 429th Judicial District Court of Collin County, Texas.

So **ORDERED and SIGNED** this 28th day of July, 2026.

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE

6